UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HENRY BASS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16-cv-6874 |
| v. ) | |
| ) | Judge John W. Darrah |
| BLITT AND GAINES, P.C., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

On June 30, 2016, Plaintiff filed his Complaint, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). Specifically, Plaintiff alleges Defendant violated §§ 1692e, 1692e(5), and 1692e(10) of the FDCPA. Defendant subsequently filed its Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons discussed below, the Defendant's Motion to Dismiss [12] is granted.

### **BACKGROUND**

Plaintiff Henry Bass ("Bass") is a resident of the state of Illinois. (Compl. ¶ 5.) Defendant Blitt and Gaines ("Blitt") operates a delinquent debt collection business; it is an Illinois corporation with its principal place of business in Wheeling, Illinois. (*Id*. ¶ 6.)

Bass incurred a debt for goods and services used for personal family or household purposes, originally for a Ford Motor Credit consumer auto loan. (*Id.* ¶ 10.) Due to Bass's financial circumstances, he was unable to pay the debt, and it went into default. (*Id.* ¶ 11.) Blitt was subsequently assigned the debt for collection. (*Id.* ¶ 12.)

On or about September 29, 2015, Blitt filed a state-court action against Bass in the Circuit Court of Cook County, Case No. 15 M4 5547, for the collection of the debt. (*Id.* ¶ 13.)

1

Blitt never served Bass in the state-court action and dismissed its case on or about March 9, 2016. (*Id.* ¶ 14.) Blitt filed a motion to reopen the state-court case.[1] On or about June 16, 2016, Blitt sent Bass a Notice of Hearing, informing him that it would be appearing in court on July 1, 2016. (*Id.* ¶ 15.) The Notice contained information regarding the debt and included the name of the creditor to whom it was owed. The notice stated, in relevant part:

> **"If you fail to appear on the next court date the court may enter judgment against you for the amount claimed."**

(*Id.* ¶ 18.) Bass subsequently filed this cause of action on September 30, 2016, alleging violations of the FDCPA. Bass alleges that Blitt made a false threat, in violation of 1692e, 1692e(5) and 1692e(10), when it sent the Notice stating that the state court may enter judgment against Bass, when Blitt had yet to serve the lawsuit on Bass. (*Id.* ¶ 30.) Bass alleges that as a result of the Notice, he felt he had no choice but to retain an attorney. (*Id.* ¶ 23.) Bass also alleges that he was afraid of judgment being entered against him and that he suffered nervousness and sleeplessness at the prospect of having to appear in court to avoid judgment. (*Id.* ¶ 21.)

Defendant filed the Motion to Dismiss on August 10, 2016, pursuant to Federal Rule of Civil Procedure 12(b)(1).

## LEGAL STANDARD

In ruling on a motion filed pursuant to Rule 12(b)(1), the Court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Evers v. Astrue*, 536 F.3d 651, 656 (7th Cir. 2008) (citation omitted). District courts may, however, "properly look beyond the jurisdictional allegations of the complaint and view

---

[1] This statement is not specifically alleged in the Complaint, but Blitt's Memorandum concedes that it moved to reopen the state-court action in June 2016.

whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id*. at 656-57 (citation and quotation omitted). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing the required elements of standing[,]" including (i) injury in fact; (ii) causation; and (iii) redressability. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003) (citation and quotation omitted). "If standing is challenged as a factual matter, the plaintiff must come forward with 'competent proof' — that is a showing by a preponderance of the evidence — that standing exists." *Id*.

## ANALYSIS

Bass alleges that Blitt violated §§ 1692e, e(5), and e(10) of the FDCPA by sending a Notice to Bass that stated that the state court may enter judgment against him, when Blitt had yet to serve the lawsuit upon Bass.

To state a claim under the FDCPA, Bass must allege that: (1) defendant qualifies as a debt collector as defined in § 1692a(6); (2) defendant's actions were related to collection of any debt; and (3) the actions violated one of the FDCPA's substantive provisions. *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010). Blitt does not deny its status as a debt collector under the FDCPA. Rather, Blitt argues that Bass fails to meet the requirements of Article III standing. Specifically, that the notice of motion received by Bass did not cause him an injury-in-fact as there was: (a) no emotional distress beyond the distress inherent in being sued, (b) hiring an attorney because of the statement within the notice does not create an injury-in-fact, (c) allegations regarding waiver of jurisdiction and service are incorrect as a matter of law, and moot. Blitt further asserts that the statement made to Bass was not materially false, and thus incapable of altering a consumer decision.

*Article III Standing*

For a plaintiff to maintain Article III standing, there must be a concrete and particularized injury-in-fact that is fairly traceable to the challenged action of the defendant which would be redressed by a favorable decision. *County of Cook v. Wells Fargo & Co.*, 115 F. Supp. 3d 909, 913 (N.D. Ill. 2015). For a plaintiff to establish an injury-in-fact, he or she must show "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1548 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The injury must be legally and judicially cognizable and it must be "*de facto*"; that is, it must actually exist." *Id*.

Emotional Distress

Bass makes no assertion that the debt sued upon was not actually owed by him and, therefore, he was precluded from being sued for the debt. Rather, Bass argues that the statement contained in the Notice sent by Blitt caused him emotional distress, leading to nervousness and sleeplessness. Blitt argues that while the statement within the Notice may have been false[2], every lawsuit carries with it an inherent risk of default judgments and the distress cannot therefore be separated from the lawsuit itself. Furthermore, Blitt argues that because Bass would have received an identical notice regarding default, when the Circuit Court of Cook County sent its summons (Bass has since been served with a summons in the state-court action), there was no actual injury inflicted upon Bass.

Considering the factors for an injury-in-fact as set forth above, Bass has failed to meet this standard regarding the emotional distress caused by the statement within the Notice. Bass fails to "fairly trace" any injury to the sentence itself that is the basis for this suit. Bass's stress,

---

[2] Default judgment could not have been entered against Bass because he had not been served with a summons at the time he received the Notice.

sleeplessness, and nervousness of which he complains can be traced back to the actual commencement of the state action, not the sentence complained of. In fact, in the Complaint, Bass states that the emotional distress was brought about "at the prospect of having to appear in court to avoid a judgment." With or without the sentence in the Notice, Bass would have had to appear in state court or risk default judgment at some point. Since the emotional harm suffered is not "fairly traceable" to the sentence at issue, Bass fails to meet standing under Article III.

Hiring of an Attorney

Bass next alleges that he hired an attorney after receiving the Notice in question.

As an initial matter, however, Blitt represents that the docket in the state-court action shows that no attorney has yet filed an appearance on Bass's behalf. *See N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 454 (7th Cir. 1998) ("It is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations."); *see Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 754 (7th Cir. 2002) (applying this proposition to a motion to dismiss). Thus, Bass's purported injury of needing to hire an attorney holds no merit when the case record is devoid of any appearance being filed on his behalf.

Moreover, Bass may have hired an attorney to appear on his behalf in state court even if the Notice did not contain the sentence. We view the issues through the eyes of the unsophisticated consumer. An unsophisticated consumer may be uninformed, naïve and trusting, but an unsophisticated consumer has rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences. *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009). Moreover, "the court need not consider the debtor a fool or an idiot." *Young v. Meyer & Nijus, P.A.*, 953 F. Supp. 238, 240 (N.D. Ill. 1997). It is more

likely than not that with or without the sentence in the Notice at issue, Bass may have hired an attorney to defend the suit generally. As alleged, Bass's assertion that the hiring of an attorney, due to the inclusion of a warning regarding default judgment in the Notice, is not enough to qualify as an injury-in-fact.

### Consent of Jurisdiction and Waiver of Service

Bass argues that had he appeared in court on the date listed on the Notice supplied to him by Blitt, he would have consented to the jurisdiction of the court and waived his right to service. These alleged consequences of appearing in court are not concrete and, thus, not injuries-in-fact. Bass did not appear in court on the date in question and therefore suffered no purported injury. Accordingly, the Motion is granted.

Blitt also argues that the Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because the Complaint does not allege that Bass has standing, however, it is not now necessary to determine the issue of whether the Complaint should be dismissed on that basis.

### **CONCLUSION**

For the reasons set forth above, pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendant's Motion to Dismiss [12] is granted. Within thirty days from the date of this Order, Plaintiff may file an amended complaint, if he can do so pursuant to Rule 11.

Date: November 22, 2016

JOHN W. DARRAH
U.S. District Court Judge